UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMRON CAMPBELL,

                Plaintiff,

-against-

OFFICE OF MENTAL HEALTH; MENTAL HEALTH PHYSICIAN JANE/JOHN DOE SING SING CORR FAC.; MENTAL HEALTH NURSE N. LABINSKYY SING SING CORR. FAC.; MENTAL HEALTH JANE/JOHN DOE SING SING CORR. FAC.; MENTAL HEALTH JANE/JOHN SING SING CORR. FAC.,

                Defendants.

24-CV-00784 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in Sing Sing Correctional Facility, brings this action under 42 U.S.C. § 1983. Named as Defendants are the New York State Office of Mental Health ("OMH"); Nurse N. Labinskyy, a John Doe doctor, and two "Jane/John Mental Health" Does. By order dated February 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. Between 2015 and 2018, while in the custody of the New York State Department of Corrections and Community Supervision

("DOCCS"), Plaintiff was "given medication without [his] consent." (ECF 1 ¶ III.) One of the drugs that Plaintiff was given, "Remeron (Mirtzapine)," was not approved by the Food and Drug Administration for children under 18; Plaintiff appears to be alleging that he was 16 years old while in DOCCS custody. (*Id.* ¶¶ 29-30.)

Sometime between April and June 2023, Plaintiff told corrections officers that he "need[ed] mental health" help. (*Id.* ¶¶ 10-11.) Plaintiff told medical personnel that he did not "feel . . . good." (*Id.* ¶ 14.) He was offered two options – either take medication in pill form, or accept a "forced shot." (*Id.* ¶ 15.) Plaintiff rejected both options and asked to go back to his cell. Instead, Nurse Labinskyy "came in with a needle and the medication pills," and told Plaintiff to "take the medication and drink water." (*Id.* ¶ 19.) Plaintiff "did everything he or she told" him to do. (*Id.* ¶ 20.) In the presence of Nurse Labinskyy, a doctor, and two other mental health workers, Plaintiff was given a "forced shot" while he was handcuffed. (*Id.* ¶ 21.) "[N]o risk or side effects of the medication or shot was given." (*Id.* ¶ 22.) Later that night, Plaintiff was taken to the hospital because he was having difficulty breathing, and after doctors at the hospital took x-rays and checked Plaintiff's "vitals," he was returned to the correctional facility. (*Id.* ¶¶ 24-27.) Plaintiff alleges that he was medicated against his will, and he seeks money damages. (*Id.* ¶ 36.)

## DISCUSSION

The Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Incident in 2023**

Plaintiff's allegations suggest a claim that he was forcibly medicated against his will. Psychiatric patients have a "significant liberty interest in avoiding the unwanted administration

3

of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *see, e.g., Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir. 1996) ("It is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment." (quotations omitted)).

"[I]t is well-settled [however] that a patient's liberty interest in not being involuntarily medicated is overridden in an emergency, where failure to medicate forcibly would result in a substantial likelihood of physical harm to that patient, other patients, or to staff members of the institution." *Odom v. Bellevue Hosp. Ctr.*, No. 93-CV-2794 (CSH), 1994 WL 323666 at *3 (S.D.N.Y. July 5, 1994); *see, e .g., Kulak*, 88 F.3d at 74 ("Such a right may be set aside only in narrow circumstances, including those where the patient 'presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution.'").

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323, (1982). "This standard requires more than simple negligence on the part of the doctor but less than deliberate indifference." *Kulak*, 88 F.3d at 75; *see, e.g., Britt v. Buffalo Mun. Hous. Auth.*, 827 F. Supp. 2d 198, 208 (W.D.N.Y.2011).

Here, it is not clear whether Plaintiff can state a claim that he was medicated without due process. Plaintiff acknowledges that he went to the medical unit because he needed treatment for a mental health issue. Once there, medical personnel offered Plaintiff the option of taking a

medication or receiving a shot, and when he declined either option, he was given the shot. It appears from these facts that Plaintiff might have been experiencing a mental health crisis, and that medical staff gave him the shot because they believed him to be a danger to himself or others. In sum, there are insufficient facts for the Court to evaluate whether the medical treatment was provided in the context of an emergency situation.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to replead his claims, in an amended complaint, by providing facts supporting his claim that he was forcibly medicated against his will, without due process, in the absence of an emergency health situation.

**B.      Incident occurring before 2021**

Plaintiff's claims arising out of events occurring between 2015 and 2018 appear to be untimely. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff alleges that there were instances of forced medication that occurred between 2015 and 2018. Because Plaintiff did not file this complaint until January 18, 2024, any claims arising before January 18, 2021 appear to be untimely.[2]

---

[2] Plaintiff's factual allegations regarding incidents of alleged forced medication occurring between 2015 and 2018 are also factually insufficient for the same reasons his allegations about the 2023 incident are insufficient. In short, he provides few facts about the circumstances resulting in his being medicated at that time.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351 (SHS) (GWG), 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case with respect to any claims arising before 2021. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as

6

the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

**C.      Claims against OMH**

To the extent Plaintiff seeks to bring this action against OMH, a state agency, that entity is immune from suit in federal court for damages. The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated its immunity, *see Bd. of Trs. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984), and a state's immunity extends to state agencies such as OMH, *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990). Because neither the State of New York nor its agencies have consented to be sued in federal court under Section 1983, and Congress has not abrogated the state's immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Plaintiff's claims against OMH are barred by the Eleventh Amendment and are dismissed.

**D.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

7

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail his claims of being forcibly medicated.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

E.   **Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the Court is granting

9

Plaintiff leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court grants Plaintiff 60 days' leave to replead his claims in an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-00784 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 28, 2024
       New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____    _____
Dated                                                              Plaintiff's Signature

_____    _____    _____
First Name                                Middle Initial                            Last Name

_____
Prison Address

_____    _____    _____
County, City                                                State                                Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____